524 P.2d 163
In the Matter of Jay L. DEPEW, Attorney at Law.

No. 11537.

Supreme Court of Idaho.
June 10, 1974.

Jay L. Depew, pro se.

John F. Varin, Gooding, for Committee on Discipline of Idaho State Bar.

DONALDSON, Justice.

The petitioner, Jay L. Depew, was retained by a dentist from Driggs, Idaho, Dr. Nipko, to assist him in developing a condominium project in Jackson Hole, Wyoming. It was intended that the condominiums would be sold to dentists as a tax shelter, and for recreational and educational use. On stationery that contained the letterhead, "Jay L. Depew, Chartered," and under that, "Counselor at Law," the following letter dated July 20, 1973 was sent to Donald E. Sonius, a dentist in Twin Falls.

> "I have taken the liberty to mail the attached limited partnership proposal to you and a few other dentists. This pro-

gram is receiving quite a bit of reception in Idaho Falls, Pocatello and Salt Lake. *It may not be of interest to you, but if so I would like to [sic] opportunity to discuss it in more detail. Also, if you happen to know of any dentists that might be interested in something like this, I would appreciate the opportunity to discuss it with them.*

> "Your cooperation in the foregoing is greatly appreciated.

> "Sincerely yours,

> "JAY L. DEPEW, CHARTERED."

(emphasis ours)

The actual proposal was on stationery that contained the letterhead "Jay L. Depew, Chartered." Under that was the title, "Certified Public Accountant." The proposal described the properties to be developed, the tax advantages offered by the investment, and the investment itself. Limited partnerships in the properties were being offered to the prospective buyers. The general partners were to be the dentist, Dr. Nipko, who retained the petitioner, and the petitioner himself. The proposal contained the following description of petitioner under the category of general partners:

> "2. Jay L. Depew, C.P.A.—Attorney experienced with land development and business management."

The envelope in which the letter and proposal were sent contained a return address that contained the titles of Certified Public Accountant and Counselor at Law.

A complaint was filed with the Committee on Discipline of the Idaho State Bar alleging that petitioner had solicited legal business from Dr. Sonius and other dentists in violation of Canon 2, DR 2-103(A) and DR 2-103(C) of the Code of Professional Responsibility as adopted by this Court and the Board of Commissioners of the Idaho State Bar. It was also alleged that the letterhead and return address found on the envelope identifying petitioner as a Certified Public Accountant violated Canon 2, DR 2-102(E) in violation of the Code.

The hearing was held before the Discipline Committee of the State Bar. After hearing the evidence, the committee recommended that the petitioner be formally reprimanded by this Court and that he be required to pay the costs incurred by the proceedings. Petitioner then filed a petition for review alleging that the committee's Findings of Facts and Conclusions of Law were erroneous.

■ Petitioner argues that because he had already been retained by Dr. Nipko, he could not have accepted employment from any of the other dentists contacted and therefore his letter was not one of solicitation in violation of DR 2–103(A) or DR 2–103(C). DR 2–103(A) provides:

> "A lawyer shall not recommend employment, as a private practitioner, of himself, his partner, or associate to a nonlawyer who has not sought his advice regarding employment of a lawyer."

Although petitioner's letter did not state that he was seeking to be employed by the recipients of the letter, the letter did invite them to come in to see him and discuss the matter with him. The general import of the letter, when considered in conjunction with the accompanying proposal which contained a statement of petitioner's qualifications along with his status as a certified public accountant, was that petitioner would be available for consultation and employment. His request that the recipients contact him about this makes the letter one of solicitation. The letter itself, had it not been written on petitioner's stationery, would not have been a violation. However, the fact that the letter was written on petitioner's stationery identifying him as an attorney and that it was accompanied by the proposal which was written on stationery identifying petitioner as a certified public accountant and which described petitioner's qualifications to give sound legal advice, results in only one inference: that petitioner was soliciting or

recommending himself for employment. Contrary to what petitioner argues, the recipients of the letter could have retained him as counsel just as Dr. Nipko did. We therefore conclude that petitioner did in fact violate DR 2–103(A).

■ DR 2–103(C) provides:

> "A lawyer shall not request a person or organization to recommend employment, as a private practitioner, of himself, his partner, or associate, except that he may request referrals from a lawyer referral service operated, sponsored, or approved by a bar association representative of the general bar of the geographical area in which the association exists and may pay its fees incident thereto."

In the letter, petitioner requested that if the recipient knew of any other dentists who might be interested in the offer that he be put in contact with them so that he could discuss it with them. Although the letter does not state whether the petitioner desired to be informed of their names or whether he wished the recipient of the letter to contact the other dentists and recommend him to them, the letter can be construed to mean that the petitioner desired the recipient of the letter to recommend the petitioner to other dentists. Thus it will support the findings of the Discipline Committee that petitioner violated DR 2–103(C) and we adopt that ruling.

Petitioner also argues that the letterhead and return address on the envelope which identifies petitioner as a certified public accountant does not violate DR 2–102(E) because it merely identifies added training in the law as permitted by DR 2–102(F).[1] DR 2–102(E) provides:

> "The lawyer who is engaged both in the practice of law and another profession or business shall not so indicate on his letterhead, office sign, or professional card, nor shall he identify himself as a lawyer in any publication in connection with his other profession or business."

1. DR 2–102(F): "Nothing contained herein shall prohibit a lawyer from using or permitting the use, in connection with his name, [of] an earned degree or title derived therefrom indicating his training in the law."

**38**

At the hearing, petitioner testified that he did not consider himself to be in practice as a certified public accountant, that the only accounting services he performed were those ordinarily performed by attorneys. He also testified that he considered the identification as a certified public accountant only as denoting special training in the area of tax law.

The American Bar Association Committee on Professional Ethics in its formal opinion 328 stated that it was a violation of DR 2–102(E) to state on a letterhead that one is both an attorney and C.P.A. We believe that this is a correct interpretation of the section, that it does prohibit such a combination because the section prohibits one who is engaged "in the practice of law and another profession" from indicating it on the letterhead. The accounting profession, as practiced by C.P.A.s, although somewhat related to the legal profession in certain areas, is a separate and distinct profession. C.P.A.s undergo different training, must meet different qualifications, and are governed by different rules than are lawyers. They perform different services than do lawyers. They are, in short, members of a different profession. Therefore, DR 2–102(E) prohibits the designation of one as both a lawyer and C.P.A. in one's letterhead.

Petitioner points out that opinion no. 10 issued February, 1959, by the Committee on Professional Ethics of the Idaho State Bar states that it is permissible for a letterhead to identify one as both an attorney and C.P.A. However, petitioner admits that he did not rely on this opinion when he established the letterhead. This opinion has, of course, been superseded by DR 2–102(E) when the Code of Professional Responsibility was adopted in 1971 by this Court and it will therefore not justify petitioner's actions. We thus conclude that the letterhead and envelope identifying petitioner as a C.P.A. as well as an attorney violates DR 2–102(E). The fact that the stationery identifying petitioner as

a C.P.A., and which contained the actual proposal, did not also identify him as an attorney does not operate to absolve him since the proposal was sent along with a letter which was written on stationery containing him as an attorney and, the proposal and letter were mailed in an envelope which contained a return address identifying petitioner as both a C.P.A. and attorney.

It is hereby ordered pursuant to Rule 153 of the Rules of the Supreme Court and the Board of Commissioners of the Idaho State Bar that Jay L. Depew be, and hereby is, reprimanded and that he shall also pay all costs of these proceedings.

SHEPARD, C. J., and McQUADE, McFADDEN and BAKES, JJ., concur.